Kralik v Marai (2023 NY Slip Op 02588)

Kralik v Marai

2023 NY Slip Op 02588

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Index No. 157175/21 Appeal No. 233 Case No. 2022-02057 

[*1]George Kralik, Plaintiff-Appellant,
v
Maria Marai, Doing Business as Law Office of Maria Marai, Defendant-Respondent.

Nicholas J. Damadeo, P.C., Huntington (Nicholas J. Damadeo of counsel), for appellant.
Farber Schneider Ferrari LLP, New York (Daniel Schneider of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about April 7, 2022, which, to the extent appealed from, granted defendant's motion to dismiss the complaint as time-barred and denied as moot plaintiff's cross-motion to extend time to serve a summons and complaint, unanimously affirmed, without costs.
Contrary to the court's determination, plaintiff's claim for legal malpractice was not barred by the three-year statute of limitations (CPLR 214[6]). Although the claim accrued on November 4, 2017, when defendant filed for arbitration of the underlying claims on plaintiff's behalf, the statute of limitations was tolled until the conclusion of the arbitration proceeding on October 10, 2018, when the underlying claims were dismissed, under the continuous representation doctrine (see Shumsky v Eisenstein, 96 NY2d 164, 168 [2001]). Defendant's representation of plaintiff in the arbitration proceeding pertained to the same subject matter as that underlying the legal malpractice claim (see id.; see also Davis v Cohen & Gresser, LLP, 160 AD3d 484, 486 [1st Dept 2018], lv denied 32 NY3d 911 [2018]). Accordingly, this action, commenced August 3, 2021, was timely.
Plaintiff does not dispute that defendant was improperly served the summons and complaint and, contrary to plaintiff's contention, defendant did not waive her jurisdictional defenses. Defendant's nonresponse to plaintiff's waiver request did not amount to an intentional relinquishment of her rights (see EchoStar Satellite L.L.C. v ESPN, Inc., 79 AD3d 614, 617-618 [1st Dept 2010]).
Even if defendant's jurisdictional defenses were waived, the documentary evidence utterly refuted plaintiff's allegations that defendant failed to adequately apprise him of the deficiencies of his underlying claims before commencing the arbitration proceeding (see CPLR 3211[a][1]; Seaman v Schulte Roth & Zabel LLP, 176 AD3d 538, 538-539 [1st Dept 2019]). The evidence established that plaintiff opted to pursue arbitration despite defendant's advice regarding the weaknesses of his claims, refuting plaintiff's contention that, but for defendant's inadequate advice, he would not have proceeded to arbitration and incurred the associated legal fees and costs. The documentary evidence also established that defendant's representation comported with the terms of the parties' retainer agreement. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023